IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RICHARD L. DIXON,

      Movant,

v.                           Case No. 2:99-cv-01011
                                Case No. 2:96-cr-00191-01

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's "Motion for Relief from Judgment" (docket sheet document # 741), filed on February 28, 2006. The motion seeks relief from a Judgment Order denying Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which was entered on September 9, 2000 (# 545). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The "Motion for Relief from Judgment" states in pertinent part:

> [Movant] contends that the district court misapplied the controlling Supreme Court and Fourth Circuit law when it denied [Movant] relief on his fifth and sixth amendment violation claims regarding the extra judicial contact between a witness (a state trooper) and the jurors sitting on the case. [Movant] asserts that the controlling law demands that, at a minimum, an evidentiary hearing be held on [Movant's] extra judicial claims that contact was made between a trial witness and the jury, while the jury was deliberating, and that

> counsel was ineffective in his failure to ask the court
> to inquire into both parties as to the extra-judicial
> contact.
>
> * * *
>
> The [movant] asserts that the court improvidently denied
> relief on this ground when it did not hold an evidentiary
> hearing.

(# 741 at 3-4). Movant contends that "the misapplication of prevailing law on this matter and failure to conduct an evidentiary hearing is an 'extraordinary circumstance' justifying Rule 60(b)(6) relief" and, therefore, Movant requests an evidentiary hearing on the issue. (Id. at 5).

## PROCEDURAL HISTORY

On April 4, 1997, following an eight-day jury trial, Movant was convicted on the following counts: engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count One), conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count Two), possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Three), traveling in interstate commerce to promote, carry on or facilitate a business enterprise involving possession with intent to distribute cocaine base, in violation of 18 U.S.C. §§ 2 and 1952(a)(3) (Count Sixteen), and knowingly and intentionally employing, hiring, using, persuading, inducing, or enticing a minor to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §861(a)(1) (Count Seventeen). Movant was found not

2

guilty of knowingly procuring an individual to commit perjury, in violation of 18 U.S.C. § 1622 (Count Twenty), and intimidation of a juvenile, in violation of 18 U.S.C. § 1512(b)(3)(Count Twenty-Four). On September 22, 1997, Movant was sentenced to life in prison on Counts One, Two, Three and Seventeen, and five years on Count Sixteen, which was to run concurrent to Movant's life sentence. (# 430).

Movant joined his co-defendants in a consolidated appeal that raised a number of issues on behalf of all the defendants. The United States Court of Appeals for the Fourth Circuit ultimately vacated Movant's conviction for conspiracy (Count Two) on the basis that Movant had been exposed to double jeopardy when he was convicted of engaging in both a continuing criminal enterprise and a conspiracy. See United States v. Taylor, No. 97-4483 (4th Cir., Oct. 22, 1998)(# 475). The Fourth Circuit affirmed Movant's other convictions and sentences. (Id.) Movant did not file a petition for a writ of certiorari in the United States Supreme Court.

However, in November of 1999, Movant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.[1] On January

_____

[1]    On November 15, 1999, Movant filed a pro se "Petition for a Writ of Habeas Corpus by a Person in Federal Custody" (# 501), which was assigned Case No. 2:99-cv-01011. Then, on November 23, 1999, Movant filed a pro se "Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255" (# 505), which was assigned Case No. 2:99-cv-01051. When Movant's retained counsel filed his amended section 2255 motion on January 6, 2000 (# 511) it was docketed in Case No. 2:99-cv-01011, and Case No. 2:99-cv-01051 was dismissed. (# 514).

3

6, 2000, after retaining counsel to represent him, Movant filed an amended section 2255 motion.  (# 511).  In the amended motion, Movant asserted that his Fifth and Sixth Amendment rights had been denied by his trial counsel's failure to request further inquiry of the parties involved in an extra-judicial contact between jurors and a trial witness while the jury was deliberating.  Specifically, Movant claimed:

> Before the jury began its second day of deliberation, three of the jurors-who were carpooling-were stopped on their way to the courthouse by Trooper DeBoad, a trial witness. (TR. 1368-77).  The trial court did conduct individual questioning of the three trial jurors involved and determined from these jurors that the trooper had stopped the jurors' car for speeding and had decided not to ticket the driver of the car or have any further discussions with the occupants after he had discovered that they were trial jurors. (TR. 1368-77). The trial court conducted no further inquiry of the jurors and did not question Trooper DeBoad on this issue; trial counsel did not request any further questioning and did not move for any further court action. (TR. 1368-77).  The jury returned a guilty verdict on five of the six counts against the petitioner the next day. (TR. 1385-87).  The petitioner's trial attorney failed to satisfy the constitutional standard for effective assistance of counsel and violated petitioner's constitutional rights.

(# 511 at 9-10).

On March 28, 2000, the United States filed a response to Movant's amended section 2255 motion.  (# 529).  The response indicated that the Hon. Elizabeth V. Hallanan, the presiding District Judge at Movant's trial, had conducted a full and fair inquiry into the jury contact, and included an excerpt from the trial transcript that included the subject inquiry. (Id., Ex. A at

4

1367-1376).   The response argued that Movant provided "no persuasive argument to support his claim that the contact influenced the course of [Movant's] trial or in any way impaired his constitutional rights.   Clearly, the circumstances surrounding this contact were fully examined by the district court and properly addressed."   (<u>Id.</u> at 19).   The response also indicated that Movant's appellate counsel failed to raise this issue in Movant's direct appeal.   (<u>Id.</u> at 18).

Without conducting an evidentiary hearing, the Hon. Jerry D. Hogg, United States Magistrate Judge, to whom Movant's section 2255 motion was referred, submitted a Report and Recommendation, which found as follows on this issue:

> The movant argues that trial counsel failed to challenge an incident involving three jurors who were traveling to court when they were stopped for speeding by a state trooper who was also serving as a prosecution witness at the trial.   The record reflects that, as soon as the state trooper realized the identity of the jurors, he immediately terminated all contact with them and reported the incident to the Court.   The Honorable Elizabeth V. Hallanan, presiding district judge, conducted an immediate inquiry and determined that there had been no improper activity sufficient to result in either the removal of the jurors or a mistrial.   This issue is also defaulted by movant's failure to raise it on direct appeal.   Moreover, counsel provides no persuasive argument to support his claim that the contact influenced the course of trial or in any way impaired his constitutional rights.   Clearly, the circumstances surrounding this contact were fully examined by the district court and properly addressed.

(# 542 at 8).  Movant objected to Judge Hogg's proposed finding and recommendation, but did not specifically object to the findings

about the jury contact. (# 544). Judge Hallanan ultimately denied Movant's section 2255 motion. (# 545).

Movant filed a Notice of Appeal (# 557) and an Application for a Certificate of Appealability (# 558). However, on November 29, 2000, Judge Hallanan denied Movant's application. (# 567). On June 11, 2001, the Fourth Circuit also denied Movant a certificate of appealability and dismissed his appeal. (# 581). Movant's petition for a writ of certiorari was also denied by the Supreme Court. (# 596).

On December 6, 2005, the Fourth Circuit denied Movant's motion for authorization to file a successive section 2255 motion. (# 737). The instant "Motion for Relief from Judgment" (# 741) followed on February 28, 2006. The undersigned has not required the United States to respond to the motion.

## ANALYSIS

Movant asserts that his motion is appropriately brought under Fed. R. Civ. Proc. 60(b)(6) which permits the reopening of a judgment where the movant shows "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Movant also cites to the United States Supreme Court's recent holding in Gonzales v. Crosby, 125 S. Ct. 2641 (2005), contending that "a Rule 60(b)(6) motion in a [habeas] case is not to be treated as a successive habeas petition if it does not assert, or reassert claims of error in a Movant's conviction." (# 741 at 3).

6

Movant contends that his motion:

> does not raise additional issues or try to relitigate his
> earlier § 2255 motion, but rather, suggests that the
> court erred in the manner in which it decided the merits
> of the claims and respectfully urges the court to hold an
> evidentiary hearing on [Movant's] claims of extra
> judicial/improper jury contact to determine whether or
> not he has been prejudiced by this contact. As such the
> instant motion is correctly filed under the provisions of
> Rule []60(b)(6) and should not be treated as a second or
> successive § 2255 petition and the court should
> accordingly address the motion on its merits.

(Id. at 3).

Gonzales involved a prisoner who had been convicted in state

court, who filed a Rule 60(b) motion following the denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254. The

Gonzales court specifically stated that the ruling was limited to

section 2254 cases. 125 S. Ct. at 2646 n.3. See also, Mosley v.

United States, 389 F. Supp.2d 751, 752 (W.D. Tx. 2005). Therefore,

the more appropriate precedent is found in United States v.

Winestock, 340 F.3d 200, 207 (4th Cir. 2003), a section 2255 case,

in which the Fourth Circuit held:

> There may be no infallible test for making this
> distinction [between a motion for relief from judgment
> and a successive petition], but a relatively
> straightforward guide is that a motion directly attacking
> the prisoner's conviction or sentence will usually amount
> to a successive application, while a motion seeking a
> remedy for some defect in the collateral review process
> will generally be deemed a proper motion to reconsider.

In the instant case, Movant contends that there was a defect in the

collateral review process because the district court did not

conduct an evidentiary hearing before denying Movant collateral

relief on his jury tampering claim. "Section 2255 provides for an
evidentiary hearing '[u]nless the motion and files and records of
the case conclusively show that the prisoner is entitled to no
relief . . . .'" United States v. Magini, 973 F.2d 261, 264 (4th
Cir. 1992).

In Remmer v. United States, 347 U.S. 227 (1954), the Supreme
Court addressed the issue of contact with jurors during a trial.
The Court found as follows:

> In a criminal case, any private communication,
> contact, or tampering directly or indirectly, with a
> juror during a trial about the matter pending before the
> jury is, for obvious reasons, deemed presumptively
> prejudicial, if not made in pursuance of known rules of
> court and the instructions and directions of the court
> made during the trial, with full knowledge of the
> parties.  The presumption is not conclusive, but the
> burden rests heavily upon the Government to establish,
> after notice to and hearing of the defendant, that such
> contact with the juror was harmless to the defendant.

Id. at 229.  The Remmer decision further states:

> The trial court should not decide and take final action
> ex parte on information such as was received in this
> case, but should determine the circumstances, the impact
> thereof upon the juror, and whether or not it was
> prejudicial, in a hearing with all interested parties
> permitted to participate.

Id. at 229-230.

In the instant case, Trooper DeBoad brought the extra-judicial
contact to the attention of the trial judge and the parties during
the trial.  Accordingly, Trooper DeBoad was heard on the issue.
Furthermore, the salient issue is whether the contact had any undue
influence on the jurors' decision in the case.  As required by

8

Remmer, the trial judge conducted a proper inquiry of the jurors involved and found that the communication was harmless. (# 529, Ex. A at 1367-1376). All interested parties were present and permitted to participate in the inquiry and all material facts were determined. Thus, there was no need to conduct an evidentiary hearing during Movant's section 2255 proceeding in order to determine whether Movant's counsel's conduct was reasonable.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that there was no procedural defect in Movant's section 2255 proceeding, and that Movant is entitled to no relief under Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Movant's "Motion for Relief from Judgment" (# 741).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

<u>   May 11, 2006   </u>
            Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

10